FRANK BARTKOWSKI, ADMINISTRATOR AD PROSE-QUENDUM, ETC., PLAINTIFF, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, DEFENDANT.

Submitted January 30, 1931—Decided June 22, 1931.

Before Justices CASE, DALY and DONGES.

For the rule, *Henry H. Fryling.*

*Contra, Congleton, Stallman & Hoover.*

PER CURIAM.

This is defendant's rule to show cause in an action for recovery by plaintiff from defendant for two deaths caused by the negligence of defendant. Defendant submitted no testimony at the trial, and now urges as the only ground for setting the plaintiff's verdicts aside, that they are excessive.

The suits were brought by Frank Bartkowski, as administrator *ad prosequendum* of John Bartkowski, deceased; by the same plaintiff as administrator *ad prosequendum* of Joseph Bartkowski, deceased; and by the same plaintiff as general administrator of Joseph Bartkowski, deceased. The deceased, children of plaintiff, were killed by coming into contact with a high tension wire owned and controlled by defendant, John Bartkowski was killed outright and Joseph Bartkowski died after about eleven weeks' confinement in a hospital.

When the jury first returned to deliver verdicts, they found the defendant guilty of "gross negligence" and rendered a lump sum verdict in the three cases of $30,000. Upon the trial judge commenting that the verdict was generous, but that it was necessary to separate it and apportion it to the plaintiff in his various capacities, the jury retired and returned with verdicts aggregating $40,000, as follows: for the plaintiff as administrator *ad prosequendum* of Joseph, $18,000; as administrator *ad prosequendum* of John, $12,000, and as general administrator of Joseph, $10,000.

Joseph was fourteen years of age and in his second year at high school; John was thirteen years of age and in the seventh grade. Joseph was severely burned and his arm was amputated in an effort to save his life. The medical testimony was that he did not suffer much pain as he was kept constantly under opiates.

The action of the jury in first finding $30,000 as an appropriate amount, which amount in our view was grossly excessive, and then, without any reason, increasing the awards to an aggregate of $40,000, displays such evidence of a lack of considered judgment in assessing damages as to require a new trial upon this question. It is apparent that the jury did not act upon the instructions of the court to assess compensatory damages, but was moved by a desire to visit punishment upon defendant.

The rule to show cause will be made absolute and a new trial granted as to damages only.